Curia, per Johnson, J.
The defendant Henry Rhodes became indebted to complainant in the manner which has been stated. His wife, the defendant Mrs. Rhodes, is entitled to a distributive share of the personal estate of her deceased husband Jacob Durr, and the object of this bill is to charge this fund in the hands of William *Bowyer, his administrator, with the payment of that demand, By the common law all the chattels which belonged to the wife before marriage, or to which she becomes entitled in her own right, are vested in the husband absolutely, with respect to things in possession, and he may dispose of them as he pleases; but with respect to things in action, although the right to reduce them into possession is by law vested in him, the courts of equity have built up a system founded in good sense and common justice, which is intended to secure to the wife a suitable provision for her support and sustenance. The interest which the wife has in dioses in action which belonged to her at the marriage, constitutes what is technically called the wife’s equity; with respect to which it may be laid down as a general rule that if it be within the reach of the court, as if it is vested in trustees, or has been paid into court, or in any other situation which brings it within the control of the court, it will not be permitted to be removed out of that jurisdiction until an adequate provision is made for the wife, unless she has been already sufficiently provided for, or on her personal examination she thinks proper to waive the benefit of this protection. M’Cauley v. Phillips, 4 Ves. 17. Clancy’s Rights of Married Women, 188, 9.
The same protection is afforded to the wife in opposition to others claiming through the husband, whether their claims arise by operation of law, as in cases of bankruptcy or insolvency, Mitford v. Milford, 9 Yes. 87, or under the voluntary assignment of the husband, and that for a valuable consideration. 1 M’Cauley v. Phillips, 4 Ves. 17. Kenney v. Udal, 5 Johns. Cha. Rep. 464. M’Pike v. Hughes, decided in the court of appeals at Charleston in 1817.
For the purposes of the case under consideration, it might then be conceded that the complainants have all *the right which the husband could confer in this fund, and yet it does not follow that they have a right to have their demand satisfied out of it. The fund is by their bill brought into the jurisdiction of the court. The wife’s equity is unimpaired, and the court will not assist the complainants until the wife is provided for.
But the case itself is much stronger. The husband has never reduced this interest into his possession, nor has he done any other act by which he has acquired an absolute dominion over it. The complainants have no lien on, or interest in it, either in fact or in law; and if, as has been shewn, the wife’s equity is held so sacred that the husband himself will not be aided to deprive her of it, a stranger will not.
These positions and the conclusion drawn from them have not been controverted in the argument; but it is said they are inapplicable, because this claim is not now set up by Mrs. Rhodes herself, but is *552 volunteered by the defendant Bovvyer, and that the court cannot know but that she is already sufficiently provided for, and in that event her equity would not attach. Here it may be necessary to remark, that although Rhodes and wife are parties, defendants to the bill, they reside without the State, and have never been served with process, and for anything that appears, are in fact ignorant of these proceedings, and reasoning a priori it would be subversive of the rule itself, -if the court should dispose of her rights without having previously ascertained that she was otherwise provided for, as the constraint which the husband has in his power to impose on her might wholly defeat it.
But it is very clear that the court will take care of the wife’s interest by whomsoever the application may be made, or by whatever means it is brought to the view of the court, whether by her trustee, executor or prochein *ami, or any other person in her behalf. Clancy, 179. Kenney v. Udal, 5 Johns. Cha. Rep. 464.
A married woman may, it is true, waive or surrender her equity: and there is no doubt that it may be superceded by a sufficient provision made for her by the husband out of another fund; but is incumbent on those claiming the benefit of such a state of things to show it; for it will not be assumed by the court, whose duty it is to guard against constrained and hasty relinquishments of this right. Clancy, in his Treatise on the rights of Married Women, p. 324, 5, remarks, that the courts of equity have found it expedient to interpose certain forms, and that it is the unvarying practice, that whenever the consent of the wife is required to waive this right, she must undergo a private examination, separate and apart from her husband, and that the court will not act upon it until it is by these means ascertained that the surrender is on her part perfectly voluntary.
Now there is in this case not only an entire want of the consent of Mrs. Rhodes to the appropriation of this fund to the object sought by the bill, but we have her dissent so far as Bowyer was competent to express it. Nor is there the slightest circumstance from which it can be inferred that she is otherwise provided for; and the court would be wanting in that care which it professes to cherish over the rights of persons thus situated, if the complainant should be aided in getting-possession of the fund.
The claims®of the complainants have heretofore been considered as founded on a right in themselves derived through the husband, and it has already been shown that even then they would not be entitled to relief. But in point of fact their real situation is not so favorable. They are strangers, creditors to the husband, who seek to have their demand paid out of the wife’s equity. They have in law no lien on fund, nor is it given by contract;* and it is difficult to conceive on what principle their claim proceeds. None, I apprehend, exists in law; and if it be a mere equity, it is opposed by the higher equity of the wife, and they cannot be relieved. The case of Mason v. Masters, cited by Lord Northington in Forbes v. Phipps, 1 Eden, 506, was exactly this case, and then Lord Northington dismissed the bill for want of equity. But let it be assumed, as the decree of the chancellor would seem to imply, that the legal right of the husband Rhodes had attached, and that the dioses in action in the *553 hands of the defendant Bowyer had absolutely vested in him, and yet I think the plaintiffs could not be relieved. In that case the claim presented would be that of a creditor pursuing the debtor of his debtor for satisfaction of his demand. To this it might be sufficient to reply, that no case has been cited and none is furnished by the books, so far as I have been able to discover, where equity has relieved in such a case; and on principle I think it ought not, at least as a ground of equity jurisdiction. In cases originating at law, such a fund might be reached without the aid of the court of equity, by final process against the person, by which the defendant is compelled to surrender all his property, whether in possession or in action, to his creditor; and so he might by the final process out of chancery in a case originating there. On the ground of jurisdiction, therefore, equity would not entertain such a cause. In any possible view of this case the complainants are not entitled to the relief sought. Their bill is therefore dismissed with costs.